UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KANETHA CHAU, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 16-15596 |
| STANDARD MUTUAL INSURANCE COMPANY, ET AL., | SECTION: "E" |
| Defendants | |

## ORDER AND REASONS

Before the Court is Plaintiff Kanetha Chau's Motion to Remand.[1] The Motion is unopposed.[2] After considering the pleadings and applicable law, the Court **GRANTS** the motion.

On February 16, 2016, Ms. Chau was driving northbound on O'Keefe Avenue when Clarence Osteen, who was also driving northbound, "ignored applicable traffic laws and illegally merged in petitioner's lane, crashing into the side of her vehicle and causing the accident at issue herein."[3] On July 7, 2016, Ms. Chau filed suit in Civil District Court for the Parish of Orleans, State of Louisiana against Mr. Osteen and his insurer, Standard Mutual Insurance Company ("Standard Mutual"). In her state court petition, Ms. Chau alleges she is a Louisiana citizen and that Standard Mutual and Mr. Osteen are both Illinois citizens.

Pursuant to this Court's diversity subject matter jurisdiction, Standard Mutual removed the case on October 14, 2016. At the time of removal, Mr. Osteen had not been served. After serving him, Ms. Chau deposed Mr. Osteen on April 13, 2017, revealing "that

---

[1] R. Doc. 17.
[2] R. Doc. 20.
[3] R. Doc. 1-1 at ¶ 3.

1

although Mr. Osteen was a citizen of the [sic] Illinois, he had established a change in his domicile to Louisiana" prior to his accident with Ms. Chau.[4]

As a general rule, jurisdictional facts are determined when a case is removed, not by subsequent events.[5] Thus, a court would retain jurisdiction even if the amount in controversy falls below the jurisdictional amount or one of the parties changes residency during the pendency of the suit.[6] In diversity cases, however, the addition of a non-diverse party destroys diversity jurisdiction.[7] Mr. Osteen, a non-diverse defendant, having been served, the Court must remand this case to state court.[8]

**IT IS ORDERED** that Plaintiff Kanetha Chau's motion to remand[9] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**New Orleans, Louisiana, this 16th day of November, 2017.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[4] R. Doc. 20 at 1.
[5] *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014).
[6] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180–81 (5th Cir. 1987).
[7] *Id.* at 1181 (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).
[8] *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Sharp v. Kmart Corp.*, 991 F. Supp. 519, 527 (M.D. La. 1998) ("If a non-diverse party is added to the case after it is removed . . . the Court must remand the suit to state court.").
[9] R. Doc. 17.